IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROBERT EARL SCHIELE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:16cv139 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Earl Schiele, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for arson.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserts four grounds for review: (1) the trial court erred by not instructing the jury on the law of parties; (2) there was insufficient evidence to support the conviction; (3) there were errors during petitioner's state habeas proceeding and (4) petitioner received ineffective assistance of counsel. The Magistrate Judge analyzed each ground for review and concluded each ground for review was without merit under the applicable legal standard. Petitioner objects to the Magistrate Judge's conclusion regarding each ground for review.

*The Law of Parties*

Petitioner asserts that as both he and his common law wife were charged with arson, the jury should have been given an instruction regarding the law of parties. The Magistrate Judge rejected this ground for review for two reasons. First, the Magistrate Judge concluded petitioner suffered no

prejudice as a result of the instruction not being given because such an instruction broadens, rather than narrows, criminal liability. Second, the Magistrate Judge found the determination by the state habeas trial court that petitioner was not entitled to such an instruction under Texas law was not subject to review in a federal habeas proceeding.

In his objections, petitioner complains that because an instruction was not given regarding the law of parties, the jury was able to consider the actions of his wife when deciding whether he was guilty. Despite petitioner's contention, the Magistrate Judge correctly concluded that an instruction on the law of parties would have permitted the jury to hold him responsible for his wife's actions as well as his own actions. As a result, the failure to give the instruction could not have resulted in prejudice to petitioner's case.

*Insufficient Evidence*

Petitioner asserts that as the fire was accidental and there was no evidence anyone intentionally started the fire, there was insufficient evidence to support his conviction. After setting forth the standard established by the Supreme Court regarding such claims, *see Jackson v. Virginia*, 443 U.S. 307 (1979), the Magistrate Judge set forth the conclusion by the intermediate appellate court that based upon circumstantial evidence, there was sufficient evidence to permit a reasonable finder of fact to convict petitioner of arson. While the Magistrate Judge acknowledged the jury could have drawn inferences in petitioner's favor and returned a finding of not guilty, *Jackson* requires that inferences be drawn in favor of the verdict when a challenge to the sufficiency of the evidence is asserted. Accordingly, the rejection by the state courts of this ground for review was not contrary to, or an unreasonable application of, clearly established federal law.

In his objections, petitioner continues to maintain there was no evidence he intentionally set the fire and describes evidence he contends supports his innocence. Despite petitioner's contention, the intermediate appellate court described in great detail the evidence that supported the jury's finding. Different inferences could have been drawn from the evidence. However, when, as required by *Jackson*, the inferences are drawn in favor of the verdict, there was sufficient evidence to support

2

the conviction.

*State Habeas Corpus Proceedings*

Petitioner also complained of what he considers irregularities in connection with his state habeas proceeding. The Magistrate Judge concluded this assertion did not provide petitioner with a basis for relief because federal habeas relief may not be granted based upon errors in state habeas proceedings.

In his objections, petitioner complains that the state habeas trial court failed to provide him with an evidentiary hearing and did not order trial counsel to file an affidavit. However, the Magistrate Judge correctly concluded this ground for review does not provide petitioner with a basis for relief in this proceeding. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

*Ineffective Assistance of Counsel*

Finally, petitioner asserts he received ineffective assistance of counsel because counsel failed to request an instruction regarding the law of parties. The Magistrate Judge concluded that as the state habeas trial court determined petitioner was not entitled to the instruction under state law and as such an instruction would have broadened rather than narrowed petitioner's liability, counsel's failure to request such an instruction did not fall below an objective standard of reasonableness and did not cause petitioner to suffer prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner disagrees with the Magistrate Judge's conclusion that the failure to provide an instruction regarding the law of parties did not cause him to suffer prejudice. This contention is without merit because such an instruction could have permitted the jury to hold him responsible for his wife's actions as well as his own, thereby broadening his liability.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, petitioner has not shown that the issues presented are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** **October 9, 2018.**

_____
Ron Clark, Senior District Judge